UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal Action No. 3:10–CR–169 |
| IHEANYI FRANK CHINASA, | |
| Defendant. | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on the Defendant's Motion to Suppress (Doc. No. 45). For the reasons stated from the bench and those below, the Court will DENY the motion.

## I. BACKGROUND

On May 4, 2010, United States Magistrate Judge William Connelly in the District of Maryland issued search warrants to Special Agent James J. Melia of the Federal Bureau of Investigation authorizing searches of several Gaithersburg, Maryland, locations: the Defendant's residence on Cypress Hill Drive; the offices of Data Net, the Defendant's computer business; and another residence. Melia obtained the warrants with a thirty-one page affidavit alleging that Defendant Iheanyi Frank Chinasa and his codefendant, Robert Kendrick Chambliss, conspired to fraudulently obtain computer parts from Cisco Systems, Inc. ("Cisco"). (Doc No. 47, Att. A). In the affidavit, Melia included Chambliss's allegations that Chinasa was involved in the scheme and stored computer parts at his residence. *Id.* at ¶ 66. In a section entitled "Third Party Assistance in the Search," the affidavit indicates that two named Cisco representatives might be present during the searches "to assist the FBI in

1

determining the authenticity of purported Cisco products, equipment, parts, and/or documents." *Id.* at ¶ 78.

Agents executed the search warrants at the Defendant's residence and the Data Net offices on May 5, 2010, accompanied by the Cisco investigators. During the search of Chinasa's residence, they also searched a Ford Explorer parked in front of the residence. The Defendant's brother indicated that the vehicle belonged to him and consented to the agents' search of it.

In the Motion to Suppress, the Defendant asks the Court to exclude all evidence obtained from his residence, the Data Net offices, and the Ford Explorer.

## II. LEGAL STANDARD

The Fourth Amendment safeguards the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. A search is *per se* unreasonable under the Fourth Amendment—with few exceptions—if it is not conducted pursuant to a valid warrant. *Katz v. United States*, 389 U.S. 347, 357 (1967). Even searches conducted based upon a warrant must be supported by probable cause. *Maryland v. Garrison*, 480 U.S. 79, 84-85 (1987)*.* Probable cause is determined by the totality of circumstances, as seen from the point of view of "a man of reasonable prudence." *Ornelas v. United States*, 517 U.S. 690, 696 (1996). Specifically, the existence of probable cause means "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

In reviewing a magistrate's determination of probable cause, the court must ascertain whether there was a "substantial basis for . . . conclud[ing] that probable cause

existed." *Id.* at 238–39 (alteration in original). In doing so, the courts should give the magistrate's determination "great deference," and not invalidate warrants by interpreting affidavits in a hypertechnical, rather than commonsensical, manner. *Id. at 236*; *see also United States v. Gary*, 420 F. Supp.2d 470, 476 (E.D. Va. 2006), *aff'd*, 528 F.3d 324 (4th Cir. 2008).

### III. DISCUSSION

The Defendant alleges that there was insufficient probable cause for search of his residence, that the presence of Cisco investigators at the execution of the searches of his residence and business rendered the searches unconstitutional, and that the warrantless search of the Ford Explorer was unconstitutional. The Court disagrees.

**A. Probable Cause (Cypress Hill Residence)**

The Defendant argues that the Court should suppress evidence obtained from his residence at Cypress Hill because probable cause did not exist to support issuance of the search warrant. When read as a whole, however, the affidavit sets forth facts sufficient to support the magistrate judge's finding of probable cause to issue the search warrant. Not only did the affidavit reiterate Chambliss's specific allegations, which were against his own penal interests, that Chinasa was involved in the scheme and stored parts at his residence, but it also included Melia's allegations that Chambliss had forwarded an email about the scheme to Chinasa, that agents had observed Chinasa loading boxes into his vehicle at Chambliss's residence, and that Chinasa had previously submitted the type of service requests to Cisco that are at issue in the current case against him. These factual allegations support Chambliss's allegations and more than sufficiently establish probable cause for the

3

issuance of a search warrant for the Defendant's residence. Accordingly, the Court denies the Motion to Suppress as to the probable cause issue.

**B. <u>Third-Party Assistance</u> (Cypress Hill Residence & Data Net Office)**

The Defendant next argues that the presence of Cisco investigators at the searches of his residence and business violated his Fourth Amendment rights. Third parties may assist law enforcement during searches if the assistance is relevant to the search objective. *Wilson v. Layne*, 526 U.S. 603, 611 (1999); *see Hunsberger v. Wood*, 570 F.3d 546, 556-67 (4th Cir. 2009). In this case, the affidavit indicated that Cisco employees might be present at the searches to assist agents by identifying parts and documents pertaining to the alleged scheme. (Doc. No. 47, Att. A, at ¶ 78). The Cisco representatives possessed specialized knowledge of Cisco parts, and their presence at the searches furthered the Government's objectives in retrieving relevant evidence. Due to this articulated basis for third-party assistance, the Court denies the Motion to Suppress as to this issue.

**C. <u>Warrantless Search</u> (Ford Explorer)**

Finally, the Defendant argues that because he did not consent to the search of the Ford Explorer and because the Cypress Hill search warrant did not include automobiles on the premises as places to search, the Court should exclude any evidence retrieved from it. To prevail on this argument, the Defendant would first need to show that he has standing to challenge the search. In order to establish standing, a defendant must show that he had a reasonable expectation of privacy in the area searched or the item seized. *See Rawlings v. Kentucky*, 448 U.S. 98, 106 (1980); *Rakas v. Illinois*, 439 U.S. 128, 140-50 (1978). The Defendant has shown neither that he had any expectation of privacy in the Ford Explorer

nor that he had an ownership or possessory interest in it. Accordingly, the Court finds that he lacks standing and denies the Motion to Suppress as to evidence retrieved from the Ford Explorer.

## **IV. CONCLUSION**

For the reasons stated above, the Court DENIES the Motion to Suppress.

Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

>   _____/s/_____
>   James R. Spencer
>   Chief United States District Judge

ENTERED this \_\_\_25th\_\_\_\_ day of January 2011.