UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA

v.

IHEANYI FRANK CHINASA,

Defendant.

Action No. 3:10–CR–169–1

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendant Iheanyi Frank Chinasa's Motion for Judgment of Acquittal and/or New Trial. (Doc. No. 81). Upon due consideration and for the reasons stated below, the Court will DENY the motion.

**I. BACKGROUND**

Co-defendants Iheanyi Frank Chinasa and Robert Kendrick Chambliss were charged in a thirteen-count superseding indictment alleging one count of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349; nine counts of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2; two counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2; and one count of obstruction of official proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and 2. In the alleged scheme, Chinasa and Chambliss used private and commercial interstate carriers and transmitted writings and signals in interstate and foreign commerce to fraudulently obtain replacement computer parts from Cisco Systems, Inc. (Cisco). The Government alleged that Chinasa and Chambliss used a warranty program offered to

authorized resellers of Cisco parts to obtain replacement parts to which they were not entitled.

On February 7, 2011, after a five-day trial, a jury found Chinasa guilty of one count of conspiracy, eight counts of mail fraud, one count of wire fraud, and one count of obstruction. Chambliss, who testified at Chinasa's trial, pled guilty to one count of conspiracy.

## II. LEGAL STANDARDS

### A. Rule 29(c) Motion for a Judgment of Acquittal

Under Rule 29(c)(1) of the Federal Rules of Criminal Procedure, "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." If the jury returned a guilty verdict, the court can "set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c)(2).

A court considering a motion for judgment of acquittal must determine "whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982). If "after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the elements of the offense beyond a reasonable doubt," the jury's verdict must stand. *United States v. United Med. & Surgical Supply Corp.*, 989 F.2d 1390, 1402 (4th Cir. 1993).

### B. Rule 33 Motion for a New Trial

Rule 33 of the Federal Rules of Criminal Procedure provides that, upon a defendant's motion, a court "may vacate any judgment and grant a new trial if the interest of justice so requires." If the request for a new trial is based on newly discovered evidence, the defendant must file the Rule 33 motion within three years after the verdict or finding of guilty. Fed. R. Crim. P. 33(b)(1). If the request is for any other reason, the defendant must file the motion within fourteen days of the jury's verdict. Fed. R. Crim. P. 33(b)(2).

Whether a defendant gets a new trial is left to the trial court's discretion. *United States v. Smith*, 451 F.3d 209, 216-17 (4th Cir. 2006). A court should use its discretion to grant a new trial sparingly and only do so if "the evidence weighs so heavily against the verdict that it would be unjust to enter judgment." *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985). When deciding a motion for a new trial, the court may consider all evidence introduced at the trial and may evaluate the credibility of trial witnesses. *Id.*

### III. **DISCUSSION**

Chinasa challenges the jury's verdict in the instant motion for judgment of acquittal under Rule 29(c) or a new trial under Rule 33. The Defendant makes three primary arguments in his motion: (1) the Court erred in failing to provide specific jury instructions, (2) the evidence was insufficient to prove that he was guilty of any of the charges, and (3) the admission of certain exhibits was prejudicial. Although Chinasa's motion and incorporated memorandum do not identify which of these arguments apply to which of the two motions, the Court considers his arguments regarding the jury instructions and exhibits under Rule 33 and his argument regarding the insufficiency of the evidence presented at trial under Rule 29(c). The parties did not request a hearing on this motion,

and the Court finds that oral argument is unnecessary because the facts and legal contentions are adequately presented and oral argument would not aid in the decisional process. *See* E.D. Va. Loc. Crim. R. 47(J).

A. **Motion for Judgment of Acquittal**

The Defendant argues that the Court should enter a judgment of acquittal pursuant to Rule 29(c) because, after giving the Government the benefit of all reasonable inferences, the evidence is insufficient to sustain a guilty verdict. He sets forth several arguments for his position. First, he contends that the evidence presented by the Government did not prove beyond a reasonable doubt the elements of the charge of conspiracy to commit mail and wire fraud. Specifically, he alleges that the evidence was insufficient to prove that he "knowingly joined the conspiracy in which wire fraud or mail fraud was a foreseeable act in furtherance of the conspiracy" (Mem. Supp., Doc. No. 81, at 7), that the use of the mails was in furtherance of that conspiracy, or that there was a scheme to defraud Cisco. The Defendant next argues that the government did not allege or prove any overt act in furtherance of the conspiracy. Finally, the Defendant asserts that the Government's evidence was insufficient to support his convictions on the mail fraud, wire fraud, and obstruction counts.

1. **Evidence Presented at Trial**

The Defendant's motion for judgment of acquittal is unpersuasive in light of the evidence presented at trial. First, Chinasa's co-defendant, Chambliss, testified that the two discussed the language they would use in emails and internet service requests to obtain parts (i.e., "I have three cards not responding."). Cisco investigator Tony Barberi

4

corroborated Chambliss's account when he testified about the number of times both Chambliss and Chinasa used this specific language to convince Cisco to send replacement parts to which they were not entitled. The Government also presented evidence showing that the mail and wire frauds were foreseeable to Chinasa, specifically, Chambliss's testimony regarding his discussions with Chinasa about the delivery locations and the language used in the requests, as well as the testimony of Barberi, Shawn Johnson, and Zainab Kamara, who all corroborated Chambliss's account. The evidence was also sufficient to show that Chinasa was the source of non-conforming parts sent to Cisco in exchange for replacement parts. Taken together, this evidence was sufficient for a jury to conclude that Chinasa knowingly entered into a conspiracy to defraud.

Under *Pinkerton v. United States*, the testimony of Chambliss was sufficient for a jury to find Chinasa guilty of the substantive mail and wire fraud crimes that furthered his conspiracy with Chambliss. 328 U.S. 640, 645-47 (1946). Finally, Chambliss testified about the actions Chinasa took and encouraged Chambliss to take to obstruct the Government's investigation after Chambliss made him aware of it. That testimony was sufficient to show that Chinasa was guilty of obstruction of an official proceeding.

2. **Overt Act**

The statute governing the conspiracy count against Chinasa, 18 U.S.C. § 1349, does not contain an overt-act requirement,[1] and, therefore, no allegation or proof of an overt act was required at trial.

---

[1] The conspiracy to defraud statute provides that "[a]ny person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 18 U.S.C. § 1349.

5

In *United States v. Shabani*, the Supreme Court held that since there was no overt-act requirement 21 U.S.C. § 846,[2] which is worded nearly identically to 21 U.S.C. § 1349, the elements of a drug conspiracy to be proven at trial did not include an overt act. 513 U.S. 10, 15-16 (1994). ("[T]he plain language of the statute and settled interpretive principles reveal that proof of an overt act is not required to establish a violation of 21 U.S.C. § 846.").The wording of the drug conspiracy statute, 21 U.S.C. § 846, is nearly identical to that of the conspiracy to commit fraud statute. The Court applied the same reasoning in *Salinas v. United States* to find that there was no overt-act requirement in 18 U.S.C. § 1962(d), the Racketeer Influenced and Corrupt Organizations Act conspiracy provision. 522 U.S. 52, 63-66 (1997). It did the same in *Whitfield v. United States*, finding that there was no overt-act requirement in 18 U.S.C. 1956(h), the money laundering conspiracy statute. 543 U.S. 209, 215-16 (2005).

The Fourth Circuit has applied *Shabani*'s reasoning to other conspiracy statutes. *E.g., United States v. Bolden*, 325 F.3d 471, 491 (4th Cir. 2003) (before *Whitfield*, relying on *Shabani* to hold that because the conspiracy to commit money laundering statute, 18 U.S.C. § 1956(h), does not include an overt-act requirement, the Government does not need to allege an overt act). The Fourth Circuit, however, has not addressed whether this reasoning applies to the conspiracy to commit fraud statute.

Much of the case law in this circuit involving conspiracy to commit fraud appears to involve charges brought under the general conspiracy statute, 21 U.S.C. § 371. *See, e.g., United States v. Halstead*, 634 F.3d 270, 273 (4th Cir. 2011); *United States v. Pace*, 313 Fed.

---

[2] The drug conspiracy statute provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846.

App'x 603, 606 (4th Cir. 2009) (unpublished per curiam opinion); *United States v. Watlington*, 287 Fed. App'x 257, 262-63 (4th Cir. 2008) (unpublished opinion); *United States v. Hemby-Brown*, 154 Fed. App'x 350, 351 (4th Cir. 2005) (unpublished per curiam opinion). In these cases, an overt-act requirement is appropriate because the general conspiracy statute includes an overt act.[3] When, as in this case, an indictment alleges conspiracy under § 1349, the reasoning of the Supreme Court in *Salinas* and the Fourth Circuit's application of that reasoning to other conspiracy statutes suggest that there is no overt-act requirement.[4]

Despite his current stance, the Defendant did not challenge the lack of an overt-act allegation in the indictment, did not request that the Court provide an overt-act jury

---

[3] The general conspiracy statute provides the following:
> "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and *one or more of such persons do any act to effect the object of the conspiracy*, each shall be fined under this title or imprisoned not more than five years, or both."

18 U.S.C. § 371 (emphasis added).

[4] In two unpublished opinions, the Fourth Circuit has, without explanation, included an overt-act requirement in its recitations of the elements of a conspiracy to commit fraud charge brought solely under 18 U.S.C. § 1349. In *United States v. Osuji*, the Government charged the defendant with conspiracy to commit healthcare fraud under § 1349 and conspiracy to commit money laundering under § 1956(h), among other crimes. Case Nos. 08-5207 & 08-5209, 2011 WL 195552, at *1 (4th Cir. Jan. 21, 2011) (unpublished opinion). Even though neither of the conspiracy statutes at issue in that case includes an overt-act requirement, the court included an overt act as an element of conspiracy. *Id.* at *4. ("The elements of a conspiracy offense are: 'an agreement among the defendants to do something which the law prohibits; knowing and willing participation by the defendants in the agreement; and *an overt act by the defendants in furtherance*' of the agreement's purpose." (quoting *United States v. Hedgepeth*, 418 F.3d 411, 420 (4th Cir. 2005) (emphasis added)).

Similarly, in *United States v. Obilo*, the Fourth Circuit cited *Hedgepeth* when it included an overt-act requirement in a § 1349 conspiracy charge.[4] Case No. 09-4877, 2011 WL 231249, at *1 (4th Cir. Jan. 26, 2011) (unpublished per curiam opinion) (citing *Hedgepeth*, 418 F.3d at 420). Although the Fourth Circuit cited *Hedgepeth* for its statements of the elements of conspiracy to defraud in both *Osuji* and *Obilo*, *Hedgepeth* was a mail fraud case brought on both § 371 and § 1349. *See Hedgepeth*, 418 F.3d at 414. Thus, an overt-act requirement was proper in that case.

7

instruction, and did not submit a proposed jury instruction on conspiracy that included an overt-act requirement. Thus, the Defendant's own actions—or lack thereof—suggest that he did not consider the charge to require an overt act.

B. **Motion for a New Trial**

Defendant Chinasa argues that the Court should grant him a new trial pursuant to Rule 33 because errors committed by the Court at trial are reasonably likely to have affected the jury's judgment such that there is a serious danger that a miscarriage of justice has occurred. He sets forth several arguments for his position. First, he contends that the Court erred by failing to provide jury instructions on mistake of fact, buyer/seller, and multiple conspiracies. He also states that the mistake of fact instruction was necessary to counter the Court's failure to instruct the jury on proof of knowledge or intent and materiality. Finally, the Defendant alleges that the admission of Government's Exhibits 14(a), 14(b), and 14(c) was unduly prejudicial.

1. **Jury Instructions**

In the Fourth Circuit, "[a] defendant is entitled to an instruction submitting to the jury any theory of defense for which there is a foundation in the evidence." *United States v. Hicks*, 748 F.2d 854, 857 (4th Cir. 1984); *accord United States v. Squillacote*, 221 F.3d 542, 568 (4th Cir. 2000). Thus, to prevail on his argument that the Court erred by failing to provide specific jury instructions, the Defendant must show that the evidence supports the specific theory of defense asserted. Because he has not offered or identified any evidence that provides a foundation for his proposed jury instructions on mistake of fact, buyer/seller, and multiple conspiracies, the Defendant has failed to show that the Court erred in refusing to give those instructions.

Mistake of fact is a "cognizable defense negating intent when the *mens rea* requirement for a crime is at least knowledge." *United States v. Fulcher*, 250 F.3d 244, 252-53 (4th Cir. 2001). If the Defendant had offered any evidence suggesting that the Defendant may have been mistaken about the facts underlying the conspiracy charge, a mistake of fact instruction would have been proper. Because he did not do so, the Court did not err in refusing that proposed instruction.

Furthermore, the Defendant's reliance on the mistake of fact instruction to correct what he perceives as the Court's failure to instruct the jury on proof of knowledge or intent and materiality is misplaced. In the Fourth Circuit, "'[a] trial judge is not required to give a requested instruction if the subject matter of the instruction is substantially covered in the judge's general charge.'" *United States v. Scott*, 730 F.2d 143, 148 (4th Cir. 1984) (alteration in original) (quoting *United States v. Carabbia*, 381 F.2d 133, 138 (6th Cir. 1967)). In this case, the Court addressed the Defendant's concerns about intent and materiality. Specifically, the Court instructed the jury on intent in Instruction 23, which defined intent to defraud.[5] The Court instructed the jury on materiality in Instruction 29, which defined "any scheme or artifice to defraud" and "false or fraudulent pretense, representation or promises."[6] Thus, the Defendant's proposed mistake of fact instruction was not necessary to correct any failure of the court to instruct the jury on intent or materiality.

---

[5] Instruction 23, "Intent to Defraud, Defined," reads as follows:
> To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.
>
> An intent to defraud is accompanied, ordinarily, by a desire or a purpose to bring about some gain or benefit to oneself or some other person or by a desire or a purpose to cause some loss to some person.

[6] Instruction 29 stated in relevant part that "[a] material fact is a fact that would be of importance to a reasonable person in making a decision about a particular matter or transaction."

No evidence supports the Defendant's proposed buyer/seller instruction. A district court may refuse to give a buyer/seller instruction when "the evidence reveals that the relationship between the alleged conspirators goes beyond that of a mere buy-sell transaction." *United States v. Martin*, 33 F.3d 53, 1994 WL 449118, at *4 (4th Cir. 1994) (unpublished per curiam opinion) (citing *United States v. Mills*, 995 F.2d 480, 485 (4th Cir. 1993)). In this case, the evidence presented at trial showed that Chinasa was more than a simple buyer of parts from Chambliss, and the Defendant neither offered nor identified any evidence to suggest otherwise. Accordingly, the buyer/seller instruction was improper.

Similarly, the proposed jury instruction on multiple conspiracies was inappropriate. "A multiple conspiracy instruction is not required unless the proof at trial demonstrates that [the defendant was] involved *only* in separate conspiracies *unrelated* to the overall conspiracy charged in the indictment." *Squillacote*, 221 F.3d at 574 (quoting *United States v. Kennedy*, 32 F.3d 876, 884 (4th Cir. 1994)). The Defendant did not offer or identify any evidence of multiple conspiracies unrelated to the overall conspiracy charged in the indictment. Thus, he was not entitled to the multiple conspiracies instruction.

2. **Exhibits**

The Defendant next argues that the Court erred in allowing the admission of Exhibits 14(a), 14(b), and 14(c). He contends that these exhibits "serve[d] no purpose other than to inflame the jury especially in light of the testimony of the witnesses that demonstrated inconsistencies and errors in the exhibits." (Mem. Supp., Doc. No. 81, at 12). District courts are granted "wide discretion" when determining whether evidence is more probative than prejudicial. *United States v. Heyward*, 729 F.2d 297, 301 n.2 (4th Cir. 1984).

In its discretion, the Court finds that the challenged exhibits were relevant to showing the nature and development of the scheme and were therefore probative.

Exhibit 14(a) was a CD-ROM containing files for the Cisco service requests associated with Chinasa and Chambliss. Exhibit 14(b) was a spreadsheet of price computations derived from another spreadsheet, Exhibit 15(a), and organized by the Cisco username of the person requesting the part. Exhibit 14(c) was a spreadsheet listing the shipping address and serial numbers associated with the parts specifically identified in the mail and wire fraud counts. This exhibit also included information for three parts not specifically identified in any of the mail and wire fraud counts.

At the trial, the Defendant did not object to the admission of Exhibits 14(a) and 14(b). (Barberi Tr., Doc. No. 93, at 62, 68). He offered only a limited objection to Exhibit 14(c) based on the fact that it included transactions not specifically charged in the fraud counts. *Id.* at 71-72. In overruling this objection, the Court informed the Defendant that the exhibit demonstrated intent as well as the nature and development of the scheme to defraud Cisco. *Id.* at 72. This reasoning and support for Exhibit 14(c)'s probative value remains and applies to Exhibits 14(a) and 14(b) as well.

The Defendant made numerous attempts to discredit the exhibits in his cross-examinations of Barberi and Chambliss. (*Id.* at 147-63; Chambliss Tr., Doc. No. 94, at 100-01). During the trial, it was made clear that the exhibits merely involved transactions connected to Chambliss and Chinasa, their usernames, and addresses associated with them. At no point did the Government allege that the exhibits showed only items that were fraudulently obtained; this appears to be the Defendant's erroneous conclusion. It does not warrant a new trial.

## IV. CONCLUSION

The Court finds that the evidence presented at trial was sufficient for a juror to find the Defendant guilty of conspiracy to commit mail and wire fraud, mail fraud, wire fraud, and obstruction. The Court also finds that the interest of justice does not warrant a new trial based on the arguments the Defendant has set forth. Accordingly, the Court DENIES both the Defendant's Rule 29(c) motion for a judgment of acquittal and his Rule 33 Motion for a New Trial.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

It is SO ORDERED.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this ___26th___ day of April 2011.